1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ADDIE GARZA,                                             CASE NO. CV F 08-1477 LJO GSA

                    Plaintiff,              _____**ORDER ON DEFENDANT'S F.R.Civ.P.**
                                                    **12(b)(6) MOTION TO DISMISS**
       vs.                                          (Doc. 11.)

AMERICAN HOME MORTGAGE, et al.,

                    Defendants.
_____/

**INTRODUCTION**

       Defendants American Home Mortgage Servicing, Inc. ("AHMS") and Mortgage Electronic

Registration Systems, Inc. ("MERS")[1] seek to dismiss plaintiff Addie Garza's ("Ms. Garza's") real estate

loan claims as barred by her inability to tender repayment, limitations period and federal preemption.

Ms. Garza contends that her claims survive defendants' attacks.  This Court considered the defendants'

F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the January 29, 2009 hearing,

pursuant to Local Rule 78-230(h).  For the reasons discussed below, this Court DISMISSES Ms. Garza's

claims.

**BACKGROUND**

_____

[1]       American Home Mortgage and MERS will be referred to collectively as "defendants."

1

**Ms. Garza's Home Loan**

2         On April 11, 2006, Ms. Garza executed a $384,000 Adjustable Rate Note payable to American

3   Home Mortgage to refinance her Los Banos residence ("property").  Ms. Garza executed an April 11,

4   2006 Deed of Trust ("deed of trust") to secure the loan with the property.  The deed of trust identifies

5   American Home Mortgage as the "lender" and MERS as a nominee for American Home Mortgage and

6   "beneficiary" under the deed of trust.  Ms. Garza's complaint ("complaint") identifies AHMS as the

7   "Servicer" for American Home Mortgage, which has not appeared in this action.

8         Ms. Garza has not made payments on the loan for more than six months.  On May 30, 2008, a

9   Notice of Default and Election to Sell Under Deed of Trust was recorded.

10

**Ms. Garza's Claims**

11         Ms. Garza filed this action on September 29, 2008 and appears to complain chiefly that the

12   Notice of Right to Cancel her loan "is defective with omitted dates of the transaction and omitted dates

13   [when] rescission rights terminate."  The complaint alleges:

14       1.     A (first) rescission cause of action that Ms. Garza is entitled to rescind her loan for

15                "failure to provide proper *material* disclosures" required under the Truth in Lending Act

16                ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing regulations, 12 C.F.R. §§

17                226.1-.29 ("Regulation Z");

18       2.     A (second) TILA violation cause of action for damages arising from defendants' failure

19                to make required TILA and Regulation Z disclosures; and

20       3.     A (third) California Business and Professions Code, §§ 17200, et seq.,[2] cause of action

21                that defendants' failure to make material TILA and Regulation Z disclosures constitute

22                unfair competition to violate UCL.

23   The complaint seeks to rescind Ms. Garza's loan, a return of Ms. Garza's money or property in

24   connection with the loan, statutory damages, and attorney fees.

25   / / /

26

**DISCUSSION**

27

28        [2]     California Business and Professions Code, §§ 17200, et seq., will be referred to as "UCL" ["Unfair Competition Law"].

1

**F.R.Civ.P. 12(b)(6) Motion Standards**

2      Defendants seek F.R.Civ.P. 12(b)(6) dismissal of Ms. Garza's claims on grounds that:

3      1.      Ms. Garza's inability to tender her loan proceeds bars TILA rescission;

4      2.      Her TILA damages claims are time barred; and

5      3.      Her UCL claims are preempted by federal law.

6      A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

7   forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception

8   of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not

9   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

10  support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco*

11  *Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where

12  there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a

13  cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling*

14  *v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  F.R.Civ.P. 12(b)(6) dismissal is proper

15  when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

16  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

17      In resolving a F.R.Civ.P. 12(b)(6) motion, the court must:  (1) construe the complaint in the light

18  most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine

19  whether plaintiff can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty*

20  *Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is "free to ignore legal

21  conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in

22  the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th

23  Cir. 2003) (citation omitted).  A court need not permit an attempt to amend a complaint if "it determines

24  that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc.*

25  *v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  "While a complaint attacked by a

26  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

27  provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

28  formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127

1   S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

2       For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the

3   complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003).

4   Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d

5   at 1162, n. 2.   In addition, a "court may consider evidence on which the complaint 'necessarily relies'

6   if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3)

7   no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450

8   F.3d 445, 448 (9th Cir. 2006).   A court may treat such a document as "part of the complaint, and thus

9   may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United*

10   *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).   Such consideration prevents "plaintiffs from

11   surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their

12   claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).   A "court may disregard

13   allegations in the complaint if contradicted by facts established by exhibits attached to the complaint."

14   *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning*

15   *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).   Moreover, "judicial notice may be taken

16   of a fact to show that a complaint does not state a cause of action."   *Sears, Roebuck & Co. v.*

17   *Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los*

18   *Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).   As such, this Court may consider Ms. Garza's pertinent loan

19   documents.

20                                    **Rescission**

21       Ms. Garza seeks to rescind her loan in that her Notice of Right to Cancel lacked necessary

22   disclosures.   Defendants contend that Ms. Garza is not entitled to rescind based on her inability to tender

23   loan proceeds to AHMS, a requirement for TILA rescission.   Ms. Garza responds that defendants refuse

24   "to honor her valid rescission" and that she need not tender "monetary amounts."

25       TILA requires that loan documents state specifically the last date on which a borrower may

26   rescind the loan agreement without penalty. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d

27

28

                                    4

699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)[3] and former 12 C.F.R. § 226.23(b)).[4] TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. *Semar*, 791 F.2d at 701; 15 U.S.C. § 1635(a). TILA and its Regulation Z, issued by the Federal Reserve System, require the lender to provide a form stating the specific date on which the three-day rescission period expires. *Semar*, 791 F.2d at 701 (citing 15 U.S.C. § 1635(a)). If the lending institution omits the expiration date and fails to cure the omission by subsequently providing the information, the borrower may rescind the loan within three years after it was consummated. *Semar*, 791 F.2d at 701-702 (citing 15 U.S.C. § 1635(f)).[5]

---

[3]     15 U.S.C. § 1635(a) addresses disclosure of right to rescind and provides:

   Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

[4]     Former 12 C.F.R. § 226.23(b), effective up to December 10, 2007, provided:

   (b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind . . . . The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

....

   (v) The date the rescission period expires.

[5]     15 U.S.C. § 1635(f) provides:

   An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after

Defendants ignore that Ms. Garza attaches to her complaint a Notice of Right to Cancel which does not indicate the three-day deadline to rescind.[6]  Defendants fault Ms. Garza's failure to show "that she could tender the proceeds of the loan."

15 U.S.C. § 1635(b) governs the return of money or property when a borrower exercises the right to rescind:

> . . . Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

Defendants point to 12 C.F.R. § 226.23(d), which address rescission effects and provides:

> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

> (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, **the consumer shall tender the money or property to the creditor** or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.  (Bold added.)

---

the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later.

[6]    Defendants appear to characterize their alleged TILA violation as failure to provide two copies of the notice of right to cancel.  However, the complaint alleges the notice of right to cancel "is defective with omitted dates of the transaction and omitted dates [when] rescission rights terminate."

6

The Ninth Circuit Court of Appeals has explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming summary judgment for lender in absence of evidence that borrowers could refinance or sell property); *see LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1974) (under the facts, loan rescission should be conditioned on the borrower's tender of advanced funds given the lender's non-egregious TILA violations and equities heavily favoring the lender).

Defendants contend that Ms. Garza is not entitled to TILA rescission in the absence of her ability "to satisfy the borrower's rescission requirements," including "to tender money or property to the creditor." Defendants note that Ms. Garza seeks a release of defendants' security interest in the property but to do so without Ms. Garza's tender "would be an inequitable result to follow an extremely minor TILA violation, if it were proven."

Ms. Garza complains that defendants have failed to follow 12 C.F.R. § 226.23(d). Ms. Garza notes that the complaint addresses the "tender issue" by alleging that "Defendants performance is a condition precedent to Plaintiff's duty to tender . . ."

Ms. Garza correctly notes that 12 C.F.R. § 226.23(d) sets out procedural steps for TILA rescission. Ms. Garza appears to contend that her complaint is her notice of rescission in that it alleges: "Plaintiff now gives effective notice to rescind the Transaction without further notice, hereby surrenders the Property or its equivalent in value determined by application of all proceeds since origination . . ." The complaint references no prior notice of rescission.

Ms. Garza's problem is that the complaint fails to address head on her ability to tender loan proceeds. The complaint fails to hint that Ms. Garza is able to fulfill her obligations under 15 U.S.C.

§ 1635(b) and 12 C.F.R. § 226.23(d).  Rescission is an empty remedy without Ms. Garza's ability to pay back what she has received (less interest, finance charges, etc.).  The complaint lacks a necessary element of Ms. Garza's TILA rescission claim.  As such, the TILA rescission claim is dismissed with leave to amend to allege, subject to F.R.Civ.P. 11(b) requirements, that Ms. Garza has the ability to tender and pay back what she has received.

**Limitations Period**

Defendants contend that Ms. Garza's TILA damages claim is barred by the one-year limitations period of 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation."  "[T]he 'occurrence of the violation' means the date the plaintiff enters the loan agreement or, in the alternative, when the defendant performs by transmitting the loan funds to the plaintiffs."  *Boursiquot v. Citibank F.S.B.,* 323 F.Supp.2d 350, 353 (D. Conn. 2004).  Defendants point out that Ms. Garza executed her loan documents on April 11, 2006, more than a year prior to the September 29, 2008 filing of this action to bar complaint's (second) TILA violation cause of action and monetary damages claims.

Ms. Garza does not address meaningfully the limitations defense to her claim for TILA damages. She indicates the claim is "amendable," but fails to explain how.  This Court will not speculate how Ms. Garza is able to avoid the limitations defense.  As such, the complaint's (second) TILA damages cause of action is subject to dismissal.

**Preemption Of UCL Claims**

Defendants argue that the complaint's (third) UCL cause of action is based on preempted TILA violations to warrant its dismissal.  "[B]ecause there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable."  *Bank of America v. City and County of S.F.*, 309 F.3d 551, 559 (9th Cir. 2002), *cert. denied*, 538 U.S. 1069, 123 S.Ct. 2220 (2003).  In *Silvas v. E\*Trade Mortgage Corp.,* 421 F.Supp.2d 1315 (S.D. Cal. 2006), *aff'd*, 514 F.3d 1001 (9th Cir. 2008), a fellow district court held that the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq., preempted claims under the UCL if the UCL claims were predicated on TILA. *See Reyes v. Downey Saving & Loan Ass'n*, 541 F.Supp.2d 1108, 1115 (C.D. Cal. 2008).  The court reasoned that "when federal law preempts a field, it does not leave room for the states to supplement it."

8

*Silvas*, 421 F.Supp.2d at 1319 (citing *Rice v. Santa Fe Elev. Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). States may not avoid preemption by adopting federal laws and adding supplemental remedies. *Reyes*, 541 F.Supp.2d at 1115; *see Public Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. IDACOR, Inc.*, 379 F.3d 641, 648-49 (9th Cir.2004). "Plaintiffs' use of the UCL as predicated on TILA is preempted." *Reyes*, 541 F.Supp.2d at 1115; *see Nava v. Virtual Bank*, 2008 WL 2873406, at *7 (E.D. Cal. 2008) ("[F]or the same reason that plaintiff's UCL claim based on unfair or fraudulent business practices is preempted by federal law, plaintiff's UCL claim based on violation of TILA is also preempted. Moreover, plaintiff's UCL claim based on violation of TILA is also preempted by federal law since its application would supplement TILA by changing TILA's framework.")

Defendants further argue that since Ms. Garza's TILA damages claim is time barred, her UCL claim based on TILA violations likewise fails. "A court may not allow plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.' " *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir.2000); *see Rubio v. Capital One Bank (USA)*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008) (since plaintiff's TILA claim failed, plaintiff's UCL claim predicated on TILA likewise failed).

The (third) UCL cause of action is premised on TILA and alleges that defendants have "systematically violated the provisions of TILA." The UCL cause of action makes repeated references to TILA to render it preempted. Ms. Garza appears to concede as much in the absence of meaningful opposition. The time bar of Ms. Garza's TILA damages claim bolsters dismissal of her UCL claim to prevent circumvention on the one-year TILA limitations period.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.  DISMISSES with leave to amend, subject to F.R.Civ.P. 11(b) requirements, the complaint's (first) TILA rescission cause of action;

2.  DISMISSES with prejudice the complaint's (second) TILA damages and (third) UCL causes of action; and

3.  ORDERS Ms. Garza, no later than February 9, 2009, to file and serve: (1) her amended TILA rescission cause of action; or (2) her statement that she abandons her TILA

1    rescission cause of action.

2        **This Court ADMONISHES Ms. Garza and her counsel that failure to comply with this**

3    **order timely and fully will result in dismissal of this action.**

4

5    IT IS SO ORDERED.

6    **Dated:    January 26, 2009          /s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28