# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDIE GARZA, | CASE NO. CV F 08-1477 LJO GSA |
| Plaintiff, | **ORDER ON DEFENDANTS' F.R.Civ.P. 12(b)(6) MOTION TO DISMISS** |
| vs. | (Docs. 19, 20.) |
| AMERICAN HOME MORTGAGE, et al., | |
| Defendants. | |

## INTRODUCTION

All but one defendant[1] seek to dismiss plaintiff Addie Garza's ("Ms. Garza's") real estate loan rescission claim in that Ms. Garza received required notices of her right to cancel her home refinance loan. Ms. Garza filed no timely papers to oppose dismissal of her rescission claim against defendants. This Court considered defendants' F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the May 11, 2009 hearing, pursuant to Local Rule 78-230 (c), (h). For the reasons discussed below, this Court DISMISSES this action against defendants.

---

[1] Defendants seeking dismissal are American Home Mortgage, American Home Mortgage Servicing, Inc. ("AHMS, Inc."), AHMSI Default Services, Inc. ("Default Services"), and Mortgage Electronic Registration Systems, Inc. ("MERS"). These defendants will be referred to collectively as "defendants."

1

## BACKGROUND

### Ms. Garza's Home Loan

On April 11, 2006, Ms. Garza executed a $384,000 Adjustable Rate Note payable to American Home Mortgage to refinance her Los Banos residence ("property"). Ms. Garza executed an April 11, 2006 Deed of Trust ("deed of trust") to secure the loan with the property. The deed of trust identifies American Home Mortgage as the "lender" and MERS as a nominee for American Home Mortgage and "beneficiary" under the deed of trust. Ms. Garza's operative first amended complaint ("FAC") identifies AHMS, Inc. as the "Servicer" for American Home Mortgage and Default Services as a substitute trustee under the deed of trust.

With their moving papers, defendants include a "Notice of Right To Cancel" ("cancel notice") for Ms. Garza's loan and which indicates the transaction date is April 12, 2006 and loan cancellation deadline is April 15, 2006. The cancel notice states: "The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL and one copy of the Federal-Truth-in-Lending Disclosure Statement." (Uppercase and underlining in original.) The cancel notice indicates Ms. Garza's April 12, 2006 signature.

Ms. Garza has not made payments on the loan for more than nine months. On May 30, 2008, a Notice of Default and Election to Sell Under Deed of Trust was recorded.

### Ms. Garza's Claims

The FAC alleges a single rescission cause of action under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing regulations, 12 C.F.R. §§ 226.1-.29 ("Reg. Z") that defendants failed to provide the "expiration date rescission rights terminate" and "the required Notice of Right to Cancel." Defendants characterize the FAC as an "attempt to stall the foreclosure of her home by insisting that she only received one copy of the Notice of Right to Cancel, instead of two."

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

Defendants seek F.R.Civ.P. 12(b)(6) dismissal of Ms. Garza's action on grounds that she acknowledged receipt of two cancel notices.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set

forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies'

3

if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[2] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider plaintiffs' pertinent loan and foreclosure documents, including the cancel notice.

**Receipt Of Cancel Notice**

Defendants argue that Ms. Garza "cannot overcome the rebuttable presumption created by her own signature and initials on the Notice of Right to Cancel form." Defendants point to 15 U.S.C. 1635(c)'s rebuttable presumption of delivery of required disclosures: "Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof."

A disclosure statement's signed acknowledgment that plaintiff borrowers had received a fully completed copy of the disclosure statement in the absence of dispute as to the document's authenticity "constitutes prima facie proof of delivery." *Whitlock v. Midwest Acceptance Corp.*, 575 F.2d 652, 653 (8th Cir. 1978). Confronted with a prima facie case, plaintiff borrowers are unable to rest on their

---

[2] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

4

complaint's allegation and are "required to offer some evidence in support of the allegation." *Whitlock*, 575 F.2d at 653; *see Basham v. Finance America Corp.*, 583 F.2d 918, 929 (7th Cir. 1978) (affirming TILA claim dismissal where plaintiff signed to acknowledge receipt of disclosures and failed to "rebut this presumption by filing an affidavit or otherwise pleading further"); *Award Lumber & Construction Co. v. Humphries*, 441 N.E.2d 1190 (Ill. Ct. App. 1982) (affirming dismissal where borrower does not deny that he signed an acknowledgment of receipt of requisite notices).

Defendants point to Ms. Garza's cancel notice with her April 12, 2006 signature and initials next to the cancel notice's portions indicating an April 12, 2006 transaction date and an April 15, 2006 cancellation deadline. Defendants note that Ms. Garza's signature appears near the cancel notice's acknowledgment of "receipt of two copies of NOTICE of RIGHT TO CANCEL." Defendants conclude that they complied with statutory requirements and that the cancel notice is proper to warrant Ms. Garza's rescission attempt as time barred.

Defendants have established a prima facie case of delivery of the cancel notice to Ms. Garza, who offers nothing to rebut the prima facie case. This Court construes Ms. Garza's lack of timely opposition as her concession that she is unable to rebut the prima facie case of cancel notice delivery. In the absence of a dispute as the cancel notice's authenticity, defendants are entitled to dismissal of Ms. Garza's rescission claim.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against defendants American Home Mortgage, American Home Mortgage Servicing, Inc., AHMSI Default Services, Inc., and Mortgage Electronic Registration Systems, Inc.;

2. DIRECTS the clerk to enter judgment against plaintiff Addie Garza and in favor of defendants American Home Mortgage, American Home Mortgage Servicing, Inc., AHMSI Default Services, Inc., and Mortgage Electronic Registration Systems, Inc.; and

3. ORDERS Ms. Garza's counsel, no later than May 6, 2009, to file papers to show cause why defendant T.D. Service Company should not be dismissed.

**This court ADMONISHES Ms. Garza and her counsel that this Court will dismiss this action**

5

against defendant T.D. Service Company if Ms. Garza's counsel fails to comply with order and fails to file timely papers to show cause why defendant T.D. Service Company should not be dismissed.

IT IS SO ORDERED.

Dated: April 28, 2009 /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE